Harry J. GOODRICK, Esquire, Plaintiff,

v.

GANNETT CO., INC., a Delaware
Corporation, Defendant.

Civ. A. No. 80–02.

United States District Court,
D. Delaware.

Oct. 9, 1980.

Michael J. Goodrick, of Theisen, Lank,
Mulford & Goldberg, P. A., Wilmington,
Del., for plaintiff.

Louis J. Finger, of Richards, Layton &
Finger, Wilmington, Del., for defendant.

OPINION

STEEL, District Judge:

This is a libel action by Harry J. Goodrick (Goodrick) against Gannett Co., Inc. (Gannett) arising out of the publication by Gannett of an article on November 22, 1979, in "The Compass," a pamphlet published weekly on Thursdays by Gannett and included with Gannett's publication, The News–Journal, in a limited area of its circulation, including Cecil County, Maryland. A portion of the article resulted from an interview by Ms. Brown, an employee of defendant, with one John Michael Hodgeson, an inmate of Cecil County Jail. Plaintiff had represented Hodgeson as public defender. The article contained a picture of Hodgeson, which identified him as "Harry Goodrick" and stated in part that "Harry Goodrick" was in the Cecil County Jail for Thanksgiving, that he longed for his family in Wilmington, and that he planned to call them and hoped to make parole by Christmas. Plaintiff contends that this article constitutes libel *per se* because it: (a) imputed a crime to plaintiff and (b) tended to impute unfitness of plaintiff in his profession of attorney. The article which plaintiff claims was libelous was written by Ms. Brown in the course of her duties as an employee of the defendant.

Plaintiff is a resident of the State of Maryland. Defendant is a Delaware corporation which does no business in the State of Maryland. Plaintiff alleges that he seeks in good faith the recovery of sums in excess of $10,000.00. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332.

By agreement of the parties the case was tried to the Court.

Plaintiff is a lawyer admitted to the Maryland and District of Columbia bars and in the Federal Courts. At all relevant times plaintiff was an Assistant Public Defender in Cecil County in which capacity he was an employee of the State of Maryland, received a set salary from the state, was expected to work for it from 8:30 a. m. to 4:30 p. m. but was otherwise free to engage

in private practice although he was expected to give priority to his duties as Public Defender. In the early 1960's he was in the primary election for state's attorney and in the primary and general elections for the same office four years later. During the summer of 1980 he was endorsed by the bar association for appointment to the Circuit Court and this was reported in the News Journal papers.

Plaintiff has stipulated that by virtue of his position as Assistant Public Defender, plaintiff was a public official and that by virtue of publicity he had received as a candidate for public office and as a public nominee to be a judge he was a public figure.

Before the trial plaintiff had contended that when defendant published the picture which identified Hodgeson as plaintiff and the article which referred to plaintiff it did so with knowledge that the publication was false or was published with wanton and reckless disregard for the truth.

Defendant contends that the reference to plaintiff in the publication was simply a mistake, that it was not made deliberately or recklessly and that it was not made with an awareness at the time that any error had been made or was being made. The evidence supports the defendant's contention. Indeed at the close of the evidence plaintiff conceded that he had failed to establish that the reference to the plaintiff had been made deliberately or recklessly by defendant, or that it was made by defendant with an awareness at the time that it was erroneous.*

Because plaintiff failed to establish that the article was published by defendant with actual malice—i. e., knowing that it was false or with wanton or reckless disregard of whether it was false or not and because plaintiff was a public official, defendant claimed a privileged immunity under *New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80, 84 S.Ct. 710, 725–26, 11 L.Ed.2d 686 (1964). There it was held that the First and Fourteenth Amendments required "a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *See also Garrison v. Louisiana*, 379 U.S. 64, 67–77, 85 S.Ct. 209, 212–217, 13 L.Ed.2d 125 (1964); *Curtis Publishing Co. v. Butts*, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967); *St. Amant v. Thompson*, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968); *Ocala Star–Banner Co. v. Damron*, 401 U.S. 295, 299–301, 91 S.Ct. 628, 631–632, 28 L.Ed.2d 57 (1971).

Plaintiff contends that defendant's reliance on the foregoing cases are misplaced. He argues that their principle has no application where a publication refers to the conduct of an official which is unrelated to the performance of his official duties. Although the reference in the publication concerning plaintiff had nothing to do with plaintiff's official conduct on it face, the rule of the *New York Times* case is nevertheless applicable. The limited application which plaintiff has attempted to read into the *New York Times* decision was rejected in *Monitor Patriot Co. v. Roy*, 401 U.S. 265, 91 S.Ct. 621, 28 L.Ed.2d 35 (1971). There the Court held that a charge of criminal conduct against an official or a candidate, no matter how remote in time or place is always "relevant to his fitness for office" for purposes of applying the *New York Times* rule of knowing falsehood or reckless disregard of the truth. The *Monitor* case was followed in *Ocala Star–Banner Co. v. Damron*, 401 U.S. 295, 300, 91 S.Ct. 628, 631, 28 L.Ed.2d 57 (1971).

The case of *Liquori v. Republican Co.*, —— Mass.App. ——, 396 N.E.2d 726 (Mass. Ct.App.1979), is not relevant. Unlike the present case, it had nothing to do with a publication which involved a public official or a public figure, and is not at variance with the cited Supreme Court decisions. Moreover, a different privilege for reports of judicial proceedings was asserted and the

---

* Defendant acknowledged the mistake which it had made in the next issue of "The Compass."

Court simply found that defendants could not satisfy the necessary conditions for the existence of that privilege.

At the close of plaintiff's evidence defendant moved to dismiss the action under Rule 41(b) on the ground that upon the facts and the law plaintiff had shown no right to relief. The Court declined to act upon the motion and to render any judgment until the close of all the evidence.

Based upon the stipulations in the case and upon the evidence the Court will enter a judgment for the defendant on the merits.

The foregoing constitutes the findings of fact and conclusions of law as required by Rule 52(a).